# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:17-cr-189 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| LEROY GREEN, | : | |
| | : | |
| Defendant. | : | |

---

### ENTRY AND ORDER DENYING "MOTION FOR RELEASE TO HOME CONFINEMENT PURSUANT TO THE CARES ACT" (DOC. 31)
---

This case is before the Court on the "Motion for Home Confinement pursuant to §3624(c)(2) Title 18" (Doc. 31) (the "Motion") filed by Leroy Green ("Green")  Green is currently incarcerated at USP McCreary in Kentucky.

In the Motion, Green, acting *pro se*, asks that this Court "place [him] in Home Confinement" pursuant to the CARES Act[1] because he is vulnerable to COVID-19  (Doc. 31 at PAGEID #118).  Thus, Green asks that the Court order the Bureau of Prisons ("BOP") to change the place where his sentence will be served from USP McCreary to his home.

The Court lacks authority to grant Green's request.  It is the BOP that has the authority to determine the place of a defendant's confinement, not the courts.   18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence

---

[1] The CARES Act is the Coronavirus Aid, Relief and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020).

1

will be served. Authority to determine place of confinement resides in the executive branch of government … and is delegated to the Bureau of Prisons") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984)); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) ("The BOP, not the court, is responsible for designating the place of a prisoner's imprisonment … [a]ccordingly, the district court did not err in concluding that it could not split [defendant's] mandatory sentence between a BOP facility and home confinement because that decision is solely confided to the BOP").

The CARES Act did not change this fact. *See* CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2)[2]; *United States v. Rocha-Ayon*, No. 2:17-cr-48, 2020 U.S. Dist. LEXIS 80616, at *1-2 (S.D. Ohio May 7, 2020) (denying defendant's motion to order the BOP to permit him to serve the remainder of his sentence on home confinement, and collecting cases); *United States v. Ralston*, No. 3:13-cr-105, 2020 U.S. Dist. LEXIS 89106, at *2-3 (W.D. Ky. May 21, 2020) (explaining that the CARES Act expanded the period of home confinement that the Director of the BOP can authorize for a prisoner during the COVID-19 emergency period, finding that courts have no authority under the CARES Act to order that a prisoner be placed on home confinement, collecting cases, and explaining how a prisoner may be able to seek court review of the BOP's decision but would first need to exhaust administrative remedies). Therefore, the Motion must be denied.

IT IS SO ORDERED.

---

[2] That provision states: "During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."

2

June 24, 2020

                                                                          \*s/Thomas M. Rose
                                              _____
                                                        THOMAS M. ROSE
                                          UNITED STATES DISTRICT JUDGE