**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:17-cr-00189 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| LEROY GREEN, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE (DOC. 33)**

---

This case is before the Court on the Motion for Compassionate Release [or] Reduction in Sentence [Pursuant to] 18 U.S.C. § 3582(c)(1)(A) (Doc. 33) (the "Motion"), filed by Leroy Green ("Green"). Green is currently incarcerated at McCreary USP [United States Penitentiary] in Kentucky. He asks the Court for compassionate release or a reduction in his term of imprisonment because his asserted medical ailments make him more vulnerable to the disease COVID-19. Green's appointed attorney filed a supplemental memorandum in support of the Motion (the "Supplement"). (Doc. 37.) The United States (the "Government") filed a Response to the Motion (Doc. 38) (the "Response"), in which the Government opposes the Motion. Green did not file a reply brief in support of the Motion, and the time to do so has now passed. (*See* 02/04/2021 Notation Order.) The matter is ripe for review.[1] For the reasons discussed below, the Court

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all

**DENIES** Green's Motion.

## I.     BACKGROUND

On November 14, 2017, the Government filed a single-count Indictment against Green in this case, charging him with attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d).  (Doc. 13.)  On July 23, 2018, pursuant to a plea agreement, Green pleaded guilty to the offense in the Indictment.  (*See* Docs. 24 and 27.)  The Statement of Facts attached to the Plea Agreement, signed by Green and his attorney, states:

> On or about October 30, 2017, in the Southern District of Ohio, defendant LEROY GREEN ("GREEN"), by force and violence and by intimidation, attempted to take from the person and presence of Key Bank, N.A. employees, in [sic] United States currency belonging to and in the care, custody, control, management and possession of Key Bank, N.A., 10 W. Second Street, Dayton, Ohio.  In carrying out this attempted bank robbery, GREEN pointed and brandished a knife at the victim tellers demanding "his money."  At the time of the bank robbery, the deposits of the Key Bank, N.A. were fully insured by the Federal Deposit Insurance Corporation.

(Doc. 27 at PAGEID # 103 (incorporating edits agreed to by the parties).)

The Final Presentence Investigation Report ("PSI") regarding Green provided additional information about the circumstances of the offense, and it identified approximately ten prior adult criminal convictions and some other minor convictions.  (PSI ¶¶ 14, 40-51.)  The offense involved a dangerous weapon: a large kitchen knife.  (*Id.* at ¶ 14, 23; Doc. 27 at PAGEID # 103.)  Green's extensive criminal history, which spans decades, includes separate convictions for burglary, an

---

administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").  Here, Green sent the Warden a request, which the Warden denied on or about August 31, 2020.  (Doc. 33 at PAGEID # 130; *see also* Doc. 38 at PAGEID # 145.)  Regardless, the Government does not contest exhaustion, so the Court proceeds with the understanding that Green could move for compassionate release on his own behalf.  Additionally, the Court notes that it previously denied a similar motion filed by Green because he simply sought a change to the place where his sentence would be served, from McCreary USP to his home.  (*See* Doc. 32.)  As explained in that Order, the Court lacked authority to grant Green's request; it is the BOP that has the authority to determine the place of a defendant's confinement, not the courts.  (*Id.* (citing authority).)

aggravated robbery that involved Green using a knife to threaten the victim while demanding money, a robbery where Green attempted to rob a bank while indicating he had a gun, and another robbery where Green succeeded in robbing a bank while indicating that he had a gun. (*Id.*) Additionally, the PSI indicated that Green has a history of incurring new charges while on supervision. (*Id.* at ¶ 48.) The PSI also indicated that Green accepted responsibility for his actions. (*Id.* at ¶ 32.)

This Court imposed a 77-month term of incarceration, five years of supervised release with special conditions, and a $100 special assessment. (Docs. 28 and 29.) Green is currently 56 years old and has an anticipated release date of May 15, 2023. *See* https://www.bop.gov/inmateloc.

## II.   ANALYSIS

### A.   Legal Standards

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The decision to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test, based on three substantive requirements. *United States v. Jones*, 980 F.3d 1098, 1106-08 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)(i). At step one, a court must find that extraordinary and compelling reasons warrant a sentence reduction.[3] *Jones*, 980 F.3d at 1107-08. At step two, a court must find that such a reduction is consistent with <u>applicable</u> policy statements issued by the Sentencing Commission. *Id.* at 1108. At step three, a court must consider any applicable Section 3553(a) factors and, in its discretion, find that the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case. *Id.* A court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, a court cannot grant such a motion unless the court addresses "all three steps." *Id.*

Regarding the first step, "Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *Ruffin*, 978 F.3d at 1004. Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). But apart from this instruction, "Congress delegated to the Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for sentencing reduction, including the criteria to be applied and a list of specific examples by promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A)." *Jones*, 980 F.3d at 1108-09 (alterations adopted) (internal quotation marks omitted). The Sentencing Commission's policy statement regarding compassionate release under

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.

[3] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)." *Jones*, 980 F.3d at 1108 n. 12.

Section 3582(c)(1)(A) resides in § 1B1.13 of the United States Sentencing Commission Guidelines Manual. *Id.* at 1109; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)"). However, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018." *Jones*, 980 F.3d at 1109. Therefore, and for reasons more fully explained in *Jones*, the Sixth Circuit held that—until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act—district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13" in cases where an incarcerated person files a motion for compassionate release.[4] *Id.* at 1109-11 ("[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion").

Regarding the second step, again, the Sentencing Commission's policy statement regarding compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides in U.S.S.G. § 1B1.13. *Jones*, 980 F.3d at 1109. However, the Sixth Circuit held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.*; *see also Elias*, 984 F.3d at 518 ("§ 1B1.13 is not applicable to inmate-filed compassionate-release motions"). Thus, U.S.S.G. § 1B1.13 currently is not an "applicable policy statement[] issued by the Sentencing Commission" in such cases. 18 U.S.C. §

---

[4] In *Elias*, while not mandating that future courts apply the two-part test used by the district court in that case, the Sixth Circuit held that the district court did not abuse its discretion in applying a "two-part test for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520-21 (the district court did not abuse its discretion in relying on that two-part test; the district court properly considered the Centers for Disease Control and Prevention (CDC) guidance in effect at the time, a scientific journal, and information from the BOP concerning the number of reported COVID-19 cases at the prison). Additionally, the Sixth Circuit held that a district court may deny a motion for compassionate release if the defendant does not provide any records in the motion to support his or her claimed medical ailment(s). *Id.*

3582(c)(1)(A); *Jones*, 980 F.3d at 1101, 1109. So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act. *Jones*, 980 F.3d at 1111.

Regarding the third step, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. The factors set forth in Section 3553(a) "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005. More specifically, 18 U.S.C. § 3553(a) states:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed--
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> (3) the kinds of sentences available;
>>
>> (4) the kinds of sentence and the sentencing range established for--
>>
>>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>>
>>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to

6

such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence,

whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09. Of course, not all of these items will be applicable or relevant (or known to the court) in all cases, and other items may be applicable or relevant. *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable").

Finally, "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *Jones*, 980 F.3d at 1106; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Ruffin*, 978 F.3d at 1005 (a "district court has substantial discretion" in deciding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A)); *Elias*, 984 F.3d at 518 (a district court may reduce the term of imprisonment if all three of the substantive requirements are met, "but need not do so").

**B. Application**

Green asks the Court for compassionate release or a reduction in his sentence (or both), pursuant to Section 3582(c)(1)(A). (Doc. 33.) Green argues that "glacuma [sic], high blood pressure, prostrate [sic] cancer, and [a] hernia, and [his] age (55 years old) … all causes [him] heightened vulnerability due to COVID-19." (*Id.* at PAGEID # 123.) He also argues that he qualifies as "a 'new law' elderly inmate, an elderly inmate with medical conditions, or an 'other elderly inmate.'" (*Id.* at PAGEID # 127.) Additionally, Green asserts that USP McCreary has been on lockdown since March 15, 2020, "[a]fter the one year lockdown there are eight COVID cases in [his] unit," he has cancer and is receiving chemotherapy, and that, despite the lockdown,

"there is still a high number of Covid cases."  (Doc. 37.)  Among other things, Green also says that he has completed drug abuse education courses, completed "the release preparation program," and has a clear record of "conduct, without any dissiplanary [sic] infractions as of 9-17-2019 (only one minor infraction)."  (Doc. 33 at PAGEID # 126.)

In response, the Government argues that the Motion fails on its merits.  (*See* Doc. 38.)  The Government says that the Bureau of Prisons ("BOP") has taken steps to protect inmates during the COVID-19 pandemic, Green did not provide the Court with any evidence to substantiate his purported medical ailments or their severity, and that, in light of the nature and circumstances of his crime of conviction and his long history of engaging in similar violent crimes, the Section 3553(a) factors weigh against granting the Motion.  (*Id.*)

The Court denies Green's Motion for two independent reasons.  First, regarding step one, Green failed to provide the Court with any medical records or other evidentiary support for his asserted medical conditions.  (*See* Docs. 33 and 37.)  A district court may deny a motion for compassionate release if the movant fails to provide any records in the motion to support his or her claimed medical ailment(s) that form the basis for arguing "extraordinary and compelling reasons" warrant a reduction in the term of imprisonment.  *Elias*, 984 F.3d at 520-21 (because movant "did not provide any records in her motion to support that she had hypertension[,] [t]he district court could have denied [the] motion for compassionate release on th[at] basis"); *United States v. Tomes*, No. 20-6056, 2021 U.S. Dist. LEXIS 6773, 2021 WL 868555, at *4 (6th Cir. Mar. 9, 2021) (explaining that, although the defendant said in his compassionate release motion that he has chronic asthma (which increases the risk of serious illness from COVID-19), the district court could have denied the motion because he did not provide any records in his motion to support that he has chronic asthma).  Here, although Green attached to his Motion a "Response to Inmate

Request to Staff," an "Inmate Education Data Transcript," and a "Summary Reentry Plan –
Progress Report," none of those documents even mention any of the asserted medical ailments.
The Court finds that Green's age, lack of supported medical conditions, and asserted conditions at
McCreary USP (which are similarly unsupported by any records or citation), are insufficient to
demonstrate an "extraordinary and compelling" reason that would warrant a reduction in his term
of imprisonment, even during the current COVID-19 pandemic.

Second, even if Green had provided the Court with evidentiary support for his asserted
medical ailments, the Court separately finds that Green's requested relief should be denied at the
third step in the analysis: consideration of any applicable Section 3553(a) factors and
determination of whether, in the Court's discretion, the reduction is warranted in whole or in part
under the particular circumstances of this case. *Elias*, 984 F.3d at 519; *Jones*, 980 F.3d at 1108;
18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 978 F.3d at 1005 ("[e]ven if [the first two
requirements] are met, … a district court may still deny relief if it finds that the applicable §
3553(a) factors do not justify it") (internal quotation marks omitted).

The Court has considered the Section 3553(a) factors to the extent that they are applicable.
18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Green's history and
characteristics, such as his behavior in prison, rehabilitation efforts, and acceptance of
responsibility for his actions. *See* 18 U.S.C. § 3553(a)(1). And, for the analysis of the third step,
the Court will assume the truth of Green's assertions regarding medical ailments and challenging
conditions at McCreary USP during the current COVID-19 pandemic. *See* 18 U.S.C. § 3553(a)(1),
(a)(2)(B), (a)(2)(D).

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C.
§ 3553(a)(1). As shown above, the offense for which Green is currently incarcerated involved use

of a dangerous weapon in attempting to commit a bank robbery. (Doc. 27 at PAGEID # 27; PSR at ¶¶ 14 and 23.) It was a serious crime. Additionally, Green has an extensive criminal history, and the offense for which he is currently incarcerated was similar to multiple separate crimes for which he was previously incarcerated. (*Id.*; PSR at ¶¶ 47, 48, 49.) Plus, Green has a history of violating conditions of supervision. (PSR at ¶ 48.) All of this greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Furthermore, Green still has a substantial amount of his sentence remaining. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence that the petitioner had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Green with so much time remaining on his sentence "minimizes both the impact of [his] crime and seriousness of [his] offense." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted. Thus, the Court finds that consideration of the applicable Section 3553(a) factors calls for denial of the Motion. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a)

factors counseled against granting compassionate release"); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").

### III.   <u>CONCLUSION</u>

Although the Court commends Green's apparent efforts to better himself while incarcerated (*see, e.g.,* Doc. 33 at PAGEID # 126) and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A).  For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release [or] Reduction in Sentence [Pursuant to] 18 U.S.C. § 3582(c)(1)(A) (Doc. 33).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 17, 2021.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE