# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:17-cr-00189 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| LEROY GREEN, | : | |
| | : | |
| Defendant. | : | |

___

### ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 40)
___

This case is before the Court on the (Second) Motion for Compassionate Release (Doc. No. 40) (the "Motion"), filed by Leroy Green ("Green"). Green is currently incarcerated at McCreary USP [United States Penitentiary] in Kentucky. He asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant the Motion so he can "be released on Compassionate Release due to [his] health conditions." (Doc. No. 40.) The United States (the "Government") filed a Response to the Motion (Doc. No. 42), in which the Government opposes the Motion. Green did not file a reply brief in support of the Motion, and the time to do so has now passed. S.D. Ohio General Order 22-13 (order rescinding General Order 20-21 and explaining that briefing on motions for compassionate release will revert to the default under the local rules); S.D. Ohio Civ. R. 7.2(a)(2) (setting default deadlines for opposing and reply memoranda); S.D. Ohio Crim. R. 1.2 (applicability of the local civil rules to criminal actions); Fed. R. Civ. P. 6(d) (three-day mailbox rule). The matter is ripe for review and decision.[1] For the reasons

___

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all

1

discussed below, the Court **DENIES** Green's Motion.

A court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[2] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

The Motion is Green's latest request concerning his imprisonment. (*See* Doc. No. 31 (motion for home confinement) ; Doc. No. 33 (first motion for compassionate release).) Green previously asked the Court for compassionate release, asserting that his medical ailments made him more vulnerable to the COVID-19 virus. (Doc. No. 33.) The Court denied this request on

---

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Here, the Government does not contest exhaustion, so the Court proceeds with the understanding that Green can move for compassionate release on his own behalf.

[2] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

March 17, 2021, for two independent reasons. (Doc. No. 39.) First, "Green failed to provide the Court with any medical records or other evidentiary support for his asserted medical conditions," therefore failing the first requirement of the analysis. (*Id.* at PageID 161.) Second, consideration of the applicable Section 3553(a) factors did not warrant a reduction in Green's sentence. (*Id.* at PageID 162.) The Court concluded that the offense for which Green is currently incarcerated was a serious crime (attempted armed bank robbery) that involved the use of a dangerous weapon. (*Id.* at PageID 162-63.)  Additionally, Green has an extensive criminal history and a history of violating conditions of supervision. (*Id.* at PageID 163.) For these reasons, and due to the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant, the Court found that Green failed the third requirement of the § 3582(c)(1)(A) analysis and denied his motion for compassionate release. (*Id.*)

In the present Motion, Green again asks the Court for compassionate release. Along with the Motion, Green provided the Court with evidentiary support of his asserted medical ailments. (Doc. No. 40.) Therefore, Green has cured one reason for denial of his earlier motion for compassionate release.  Now, regarding the first requirement of the § 3582(c)(1)(A) analysis, the Court will <u>assume</u>—without deciding—that Green has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment.[3]  However, the Court's conclusion after considering the applicable Section 3553(a) factors remains unchanged. Green asserts that he has served half of his sentence and has completed a "12 hour drug abuse [e]ducational class, along

---

[3] The Court emphasizes it has <u>not</u> actually found that any circumstance (separately or combined) alleged by Green qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion.  *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

with an [sic] Release Preparation Program." (*Id.*) Yet, the Court maintains that the characteristics of the defendant and the nature and circumstances of the offense do not favor early release. *Ruffin*, 978 F.3d at 1005.

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, in light of the additional information provided by Green in the Motion as well as that previously provided in his earlier compassionate release motion, the Court still finds that the requested reduction in the term of imprisonment is not warranted. Thus, the Court finds that consideration of the applicable Section 3553(a) factors calls for denial of the Motion. *United States v. Wright*, 991 F.3d 717, 720 (6th Cir. 2021) (affirming denial of compassionate release motion despite defendant's "recent remorse, health problems, and rehabilitative efforts" where it "found that other considerations—such as his criminal history and disciplinary violations—outweighed these factors").

Although the Court commends Green's apparent efforts to better himself while incarcerated (*see, e.g.,* Doc. No. 40) and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. No. 40).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 6, 2022.[4]

                                                                                          s/Thomas M. Rose

                                                                                          THOMAS M. ROSE
                                                                      UNITED STATES DISTRICT JUDGE

---

[4] The Court acknowledges the valuable contribution and assistance of judicial extern Elise Marrinan in drafting this order.